IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK WAYNE MCBRIDE, SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-18-1437 |
| | § | |
| JONI WHITE, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed an amended complaint in this section 1983 lawsuit. (Docket Entry No. 32.) Plaintiff complains that Texas Department of Criminal Justice ("TDCJ") employees Joni White, Holly Baird, Kelly Pagoda, and Melissa Bennett violated his constitutional rights at the Wynne Unit in 2017.

Having screened the amended complaint pursuant to section 1915, the Court **DISMISSES** this lawsuit without prejudice for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff's prison health summary for classification ("HSM-18")[1] exhibit shows that, on January 30, 2012, he had prison work restrictions at the Beto Unit against walking over 200 yards, bending from the waist, repetitive squatting, prolonged standing, climbing, lifting more than twenty pounds, and humidity extremes. (Docket Entry No. 22-1, p. 1.) He was

---

[1]An HSM-18 is a prison health summary form that documents an inmate's housing and/or work restrictions. Medical providers determine whether any work or housing restrictions are necessary. Prison officials use the HSM-18 in making housing and job assignments.

not to be assigned to food service or medical jobs. *Id*. Although plaintiff alleges that the HSM-18 also precluded exposure to direct sunlight, extreme temperatures, environmental pollutants, chemicals, and irritants, these restrictions do not appear on his HSM-18 of January 30, 2012.

Plaintiff states that he was released to parole in 2014, and was returned to confinement in 2017 following revocation proceedings and the subsequent revocation of his parole. Prior to the revocation, plaintiff was placed in the Joe Kegans Intermediate Sanctions Facility ("ISF") until June 2017. Plaintiff's HSM-18 for the ISF, dated May 2, 2017, indicated that he worked at the ISF as a janitor and had no work restrictions other than medical jobs. (Docket Entry No. 22-1, p. 3.) Plaintiff's parole was subsequently revoked in July 2017.[2]

Following his parole revocation, plaintiff was returned to TDCJ and placed in regular prison housing. During his confinement at an undisclosed prison unit, plaintiff was provided a medical lay-in pass effective September 27, 2017. According to plaintiff's exhibit, the pass expressly indicated his job status as "Transient Pend[ing] Diag[nostic] Processi[ng]." (Docket Entry No. 22-1, p. 6.) Thus, by its own terms, the pass excused plaintiff from work assignments pending completion of his diagnostic processing as a transient inmate.

In November 2017, plaintiff was transferred to the Wynne Unit, where he claims he was assigned to work in "industry" in violation of the lay-in pass issued by his prior unit. Plaintiff states that his complaints to defendants Bennett, Baird, and Pagoda were ignored,

---

[2]The background facts of plaintiff's 2017 parole revocation proceedings appear in *McBride v. Davis*, C.A. No. SA-18-0831-DAE (W.D. Tex. Oct. 4, 2019).

and that working in violation of the lay-in pass aggravated his pre-existing medical condition. He alleges that defendant White was in a position to remedy the situation, but she refused.

Plaintiff seeks a declaratory judgment, a permanent injunction banning his working in prison, and monetary damages.

## II. ANALYSIS

A. Section 1915

Because plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

Plaintiff proceeds *pro se* in this lawsuit. Complaints filed by *pro se* litigants are entitled to a liberal construction and, however "inartfully" pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this lenient standard, a *pro se* plaintiff must allege more than "labels and conclusions," and may not rely on a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus,

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id*.

    B.    <u>Deliberate Indifference</u>

Given a liberal construction, plaintiff's allegations in his amended complaint raise claims against the defendants for deliberate indifference to his health and safety.

As an inmate, plaintiff had a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his health and safety. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they evince deliberate indifference to a prisoner's health and safety, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference raises a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989).

It is well established that a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health and safety; that is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.

2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998).

C. Medical Lay-In Pass

Plaintiff contends that the defendants were deliberately indifferent to his health and safety by not honoring his medical lay-in pass. He states that he made the defendants aware of the pass, but that they told him he would be given a disciplinary charge for refusing to work if he did not turn out for his assigned job. Plaintiff claims in conclusory fashion without supporting factual allegations that the work assignment "aggravated his pre-existing medical condition."

The terms of the lay-in pass, as set forth by plaintiff, show that the pass was not intended to be permanent or even long term in nature. As noted, the pass identified plaintiff's job status on September 27, 2017, as "transient pending diagnostic processing." Even assuming the pass were valid and enforceable at the Wynne Unit, plaintiff pleads no factual allegations supporting a claim that the defendants were deliberately indifferent to his health and safety in insisting that he work. Specifically, he pleads no factual allegations showing that the defendants knew of and disregarded an excessive risk to his health and safety in requiring him to work. Plaintiff fails to factually support his claim that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to plaintiff existed, and that they drew the inference. Contrary to

5

plaintiff's contentions, the defendants' refusal to recognize the lay-in pass does not, standing alone, give rise to deliberate indifference.

Plaintiff also claims that TDCJ practices forced medical personnel to alter medical records in conformity with prison officials' instructions. According to plaintiff, this resulted in deletions and fabrications in his medical records to support removal of his 2012 work restrictions. Plaintiff's conclusory allegation that his records were altered is insufficient to demonstrate a prison "practice." Regardless, his claim of altered or falsified medical records fails to raise a claim for relief under section 1983, as no violation of a constitutional right is presented.

Plaintiff's pleading raises no viable section 1983 claim for relief, and his claims against the defendant are **DISMISSED WITHOUT PREJUDICE**.

D.     State Law Claims

To the extent plaintiff raises state law claims against the defendants, the claims are based in state law and do not raise cognizable federal claims for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011). Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims he may have raised in this lawsuit.

Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to raise a viable claim for relief under section 1983. Any and all pending motions are **DENIED AS MOOT**.

Plaintiff was allowed to proceed *in forma pauperis* at the time he filed this lawsuit. The Fifth Circuit Court of Appeals has subsequently determined that plaintiff is a "three strikes" inmate who may no longer proceed *in forma pauperis* in district court or on appeal pursuant to section 1915(g). *See McBride v. Texas Board of Pardons and Paroles*, No. 19-50099 (5th Cir. 2019). Consequently, should plaintiff elect to pursue an appeal of the dismissal in this case, he will not be granted leave by this Court to proceed *in forma pauperis* on appeal.

**SIGNED** at Houston, Texas on the  25 day of March, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE